HOTEL GRUNEWALD CO., LTD., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 1593.   Promulgated December 10, 1926.

The cost of goods sold should be deducted from the gross receipts in determining net income.

*John F. Lanigan, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, and *Ward Loveless, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the years 1918 and 1919 in the amounts of $4,222.89 and $7,041.80, respectively.

The petitioner claims for the years 1918 and 1919: (1) additional depreciation on furniture and fixtures in the respective amounts of $3,442.17 and $3,731.59, being the difference between the depreciation computed at the rates of 8 per cent and 10 per cent, and (2) a deduction for obsolescence of intangible assets, due to prohibition legislation, in the respective amounts of $173,204.80 and $14,846.13. The petitioner claims a further deduction for the year 1919 of $21,006 for "Room Supplies," claimed to represent a part of the cost of wines and liquors incident to the conduct of its business in that year.

FINDINGS OF FACT.

The petitioner is a corporation organized and existing under the laws of Louisiana and known as the Hotel Grunewald Co., Ltd. During the years 1918 and 1919 and for several prior years, the company conducted a hotel at New Orleans. In connection with the general hotel business, the company also conducted a wholesale and retail liquor business, a catering business, a grocery business, and a laundry. The accounts in connection with each department with respect to operating cost, profits, etc., were kept separately. A firm of accountants with offices in the city was employed for that purpose.

The liquor department was one of the principal departments of the business. In addition to the well-known brands which it handled, the company bought high-grade imported liquors and wines in bulk and dispensed them to the general trade under its own trademark and labels. The products of the company were widely advertised and were popular with the catering trade in New Orleans and vicinity. A bar was maintained in the hotel for retail trade. The wine and liquor business was begun soon after the hotel began operation in the year 1893 and increased steadily until the advent of prohibition.

During the year 1919 the petitioner purchased wines and liquors to the amount of $21,006 from Theodore Grunewald for use in its regular business. These purchases were made in three installments and were entered on the petitioner's books under the caption of " Room Supplies." The purchases were necessary to the regular conduct of the petitioner's liquor business. The profits from the sales thereof were reported as income in the year 1919.

The petitioner's wine and liquor business was totally destroyed by operation of the Eighteenth Amendment to the Constitution.

#### OPINION.

SMITH: It is conceded by the Commissioner that the petitioner is entitled to depreciation on furniture and fixtures for the years 1918 and 1919 at the rate of 10 per cent.

The petitioner returned as income for 1919 profits on the sales of liquors. In determining the deficiency the Commissioner added to the profits returned $21,006, representing the cost of liquors purchased from one of its stockholders. This was clearly incorrect. By this action the Commissioner overstated the net income in the amount of $21,006.

The petitioner was the owner in 1918 and 1919 of certain trademarks, trade-names, and probably a good will of some value connected with its liquor business, and the usefulness of such trademarks, trade-names, and good will was completely destroyed by the operation of the prohibition amendment to the Constitution. The evidence before us is insufficient, however, to enable us to determine the value, if any, of such assets, or what loss, if any, the petitioner suffered in respect of such assets in either of the years 1918 or 1919 as a result of the prohibition amendment. It becomes unnecessary, therefore, for us to determine whether an allowance may be made under the statute, if a value had been established.

> *Judgment will be entered on 15 days' notice, under Rule 50.*